**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

IVAN KRASNOPOLSKII,

Petitioner,

v.

JOHN DOE, Warden, Otay Mesa Detention Center, et al.,

Respondents.

Case No.:  3:26-cv-02201-RBM-SBC

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner Ivan Krasnopolskii's ("Petitioner") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Doc. 1) and Motion for Immediate Release or, in the Alternative, for a Bond Hearing ("Motion") (Doc. 2).

Petitioner previously filed a separate petition writ of habeas corpus, by and through counsel, in which he raised the same claims as in the instant Petition. *See Krasnopolskii v. Warden, Otay Mesa Det. Ctr.*, Case No. 3:26-cv-00383-RBM-SBC (S.D. Cal. Jan. 21, 2026), ECF No. 1.  On March 25, 2026, this Court granted in part and denied in part the previously filed petition. *See id*., ECF No. 6.  Petitioner commenced this action by filing the instant Petition shortly thereafter. (Doc. 1.)

On April 24, 2026, the Court issued an Order requiring Petitioner to show cause as to why this action should not be dismissed as duplicative. (Doc. 6.)  Petitioner filed a Response to the Court's Order to Show Cause in which he makes several allegations

1

concerning inadequate medical care he received while in immigration detention. (Doc. 7.) However, Petitioner provides no new information or grounds for relief that were not raised in the prior petition.[1]

The Court therefore finds the instant Petition is not legally distinct from the one this Court already denied. *See Krasnopolskii v. Warden, Otay Mesa Det. Ctr.*, Case No. 3:26-cv-00383-RBM-SBC (S.D. Cal. Jan. 21, 2026), ECF No. 1. Accordingly, the Order to Show Cause is discharged, the Petition is **DISMISSED WITHOUT PREJUDICE**, and the Motion (Doc. 2) is **DENIED AS MOOT**. *See Salas v. Att'y Gen.*, No. 2:23-cv-01118-TL-TLF, 2023 WL 5826738, at *2 (W.D. Wash. Aug. 21, 2023). The Clerk of the Court is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

DATE:  July 1, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Petitioner seeks relief based on medical care he is receiving at the Otay Mesa Detention Center, courts generally lack jurisdiction to consider such claims in a habeas action. *See Pinson v. Carvajal*, 69 F.4th 1059, 1073–75 (9th Cir. 2023) (affirming a district court's holding that it lacked jurisdiction to consider medical care claims of habeas petitioner); *Ayala v. Lyons*, No. 1:26-cv-03173-DAD-CSK, 2026 WL 1493907, at *4 (E.D. Cal. May 28, 2026) (concluding that a petitioner in immigration detention could not pursue medical care claims in a habeas action); *Boscan v. Becerra*, No. 1:26-cv-00651-KES-SAB, 2026 WL 310093, at *2 (E.D. Cal. Feb. 5, 2026) ("Petitioner's allegations that continued custody poses a substantial risk of serious harm, without more, do not state a habeas claim when the asserted constitutional violation is the alleged inadequacy of medical care and remedial measures short of release would address any such circumstance."). "Because [P]etitioner's claims concern the quality of care provided during detention, rather than the legal basis for detention itself, they are not cognizable in habeas." *Boscan*, 2026 WL 310093, at *2.